# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CECELIA LEBBY,
      Plaintiff,

    v.

WAL-MART STORES EAST, L.P.,
      Defendant.

CIVIL ACTION NO.
3:07cv1531 (SRU)

## <u>MEMORANDUM OF DECISION ON MOTION TO DISMISS</u>

Plaintiff Cecelia Lebby ("Lebby"), appearing pro se, filed this defamation, negligence, and medical malpractice suit against defendant Wal-Mart Stores East, L.P. ("Wal-Mart") in Connecticut Superior Court on September 21, 2007.  Seeking $21 million in damages, Lebby alleges that, since 1999, she has been repeatedly harassed and stalked by employees of Wal-Mart and that the pharmacist on duty at the New Britain Wal-Mart on September 20, 2007 committed medical malpractice by taking nearly an hour to fill Lebby's prescription and for filling another customer's order ahead of Lebby. Wal-Mart removed the case to federal court in October 2007 on the basis of diversity jurisdiction.

Lebby has filed repeated motions seeking default judgment pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  Lebby contends, relying on state court procedural rules no longer applicable after removal to federal court, that the defendant has failed to properly appear in this action.  Because Wal-Mart has filed proper appearances in this case and has fully complied with the responsive pleading requirements of the Federal Rules of Civil Procedure, all of Lebby's requests for relief in the motions for default judgment and contained in her objections to the defendant's motion to dismiss are hereby **DENIED**.

Wal-Mart has moved, pursuant to Rule 12(b)(6), to dismiss the case for failure to state a

claim upon which relief can be granted. Specifically, Wal-Mart argues that Lebby has failed to allege any facts that would support her causes of action for negligence, harassment or stalking, defamation, and medical malpractice. Because I agree that Lebby has failed to allege any facts that would give rise to any of her claims, Wal-Mart's motion to dismiss is **GRANTED** and the case is dismissed without prejudice to filing an amended complaint within 30 days from the date of this decision.

A.    <u>Negligence Claim</u>

Lebby's complaint contains almost no facts that would establish any of the elements of a traditional negligence claim. Instead, Lebby makes only vague and conclusory allegations that Wal-Mart employees harassed and mistreated her and that she suffered "pain and suffering" as a result. In order to plead negligence, any new complaint would have to demonstrate that: Wal-Mart owed Lebby a duty; Wal-Mart breached that duty; and that this breach caused Lebby to suffer actual injury. *See, e.g.*, *RK Constructors, Inc. v. Fusco Corp.*, 231 Conn. 381, 384 (1994).

I should note that Wal-Mart's statute of limitations argument is unpersuasive. Although negligence claims must be brought within two years from the date the injury was sustained or discovered, but no more than three years after the act complained of occurred, Conn. Gen. Stat. § 52-584, Lebby's complaint can be fairly read to allege a continuing course of conduct that began in 1999 or 2000.

B.    <u>Harassment or Stalking Claim</u>

To the extent that Lebby brings a direct stalking or harassment claim against Wal-Mart, this cause of action must also fail because Connecticut does not recognize a civil action for harassment. *Wagner v. Feldstein*, 2006 WL 416222, at * 2 (Conn. Super. Ct. 2006).

> While harassment is recognized in our criminal penal code and in cases pertaining to discrimination and harassment in the employment context, this recognition of harassment is based upon statutory violations. Harassing behavior has been alleged in causes of action for emotional distress, but Connecticut has yet to recognize a separate cause of action for harassment.

*Id.* (quoting *Hunt v. Pelliccia*, 2004 WL 424212, at *1 (Conn. Super. Ct. 2004)).

Construing the claim as one for intentional infliction of emotional distress ("IIED"), that claim must also fail because Lebby has not made any allegations that would sustain the heavy burden of proving the defendant's actions were "outrageous" or that she suffered severe emotional distress. To succeed on a claim for IIED, a plaintiff must show that: (1) the defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was likely to result from his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff's distress; and (4) that the plaintiff sustained severe emotional distress. *Appleton v. Bd. of Educ. of the Town of Stonington*, 254 Conn. 205, 210 (Conn. 2000). Outrageous conduct is that which exceeds "all bounds usually tolerated by decent society." *Id.* (quoting *Petyan v. Ellis*, 200 Conn. 243, 254 n.5 (Conn. 1986) (internal quotation omitted)). Bad manners or distressing or hurtful conduct is not outrageous enough to sustain an IIED claim. *Id.* at 211.

Finally, even construing the claim as one for negligent infliction of emotional distress ("NIED"), it too must fail. To state a claim for NIED, "the plaintiff has the burden of pleading that 'the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm.'" *Parsons v. United Technologies Corp.*, 243 Conn. 66, 88 (1997) (quoting *Montinieri v. Southern New England Telephone Co.*, 175 Conn. 337, 345 (1978)). Lebby has not alleged any facts that

if true, would demonstrate that Wal-Mart employees should have realized their conduct involved an unreasonable risk of causing emotional distress that would lead to illness or bodily harm.

    C.    <u>Defamation and Slander Claims</u>

Lebby's complaint also fails to adequately allege a slander claim[1] because it does not specifically identify any allegedly defamatory statements, nor how her reputation has suffered as a result of the defamation.  A defamatory statement is defined as "a communication that tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Cweklinsky v. Mobil Chemical Co.*, 267 Conn. 210, 217 (2004).  To establish a prima facie case of defamation, a plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff; (3) the defamatory statement was published to a third person; and (4) the plaintiff suffered an injury to his or her reputation as a result of the statement. *Hopkins v. O'Connor*, 282 Conn. 821, 838 (2007).

Lebby's defamation claim must fail because she has not identified any allegedly defamatory statement, which Wal-Mart employee said it, or to whom it was said.  Nor has Lebby pleaded facts that sufficiently demonstrate how she has suffered an injury to her reputation as a result of the alleged defamation.  She merely states that she is owed $7 million for defamation and $7 million for slander.  Such conclusory allegations are insufficient to state a viable claim for defamation.

---

[1] Slander is oral defamation.  *Gagnon v. Housatonic Valley Tourism Dist. Com'n*, 92 Conn. App. 835, 848 (2006).

D. <u>Medical Malpractice</u>

Finally, Lebby's medical malpractice claim must also be dismissed. When reviewing claims for medical malpractice, Connecticut courts consider "whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." *Boone v. William W. Backus Hosp.*, 272 Conn. 551, 562-63 (2005) (quoting *Gold v. Greenwich Hosp. Ass'n*, 262 Conn. 248, 254 (2002)). Where there is no need for expert testimony on medical issues, the claim sounds in ordinary negligence, not medical malpractice. *Jolly v. Smudin*, 2007 WL 2938445, at *2 (Conn. Super. Ct 2007).

As alleged, Lebby's complaint states that the pharmacist kept her waiting for nearly an hour and served another customer before her. This allegation is not of a specialized medical nature, nor does it involve the exercise of medical judgment necessitating expert medical testimony. At most, this claim can be construed as sounding in ordinary negligence, not medical malpractice.

Furthermore, this claim is deficient because Lebby has not complied with the statutory prerequisites for bringing a medical malpractice claim under Connecticut law. Namely, Lebby has failed to attach a certificate of good faith belief that grounds for medical malpractice against the defendant exists, nor has she obtained the written opinion of a similar health care provider that there is some evidence of medical malpractice. *See* Conn. Gen. Stat. § 52-190a; *Bruno v. Guelaki*, 2006 Conn. Super. LEXIS 2192, at *4-5 (Conn. Super. Ct. 2006). Failure to obtain those items is grounds for dismissal. Conn. Gen. Stat. § 52-190(c).

For the foregoing reasons, Wal-Mart's motion to dismiss (**doc. # 8**) is **GRANTED**. All other pending motions are **DENIED** as moot. Accordingly, the case is dismissed without prejudice to filing an amended complaint within 30 days from the date of this decision. If no amended complaint is filed within 30 days, the clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of April 2008.

/s/ Stefan R. Underhill
                Stefan R. Underhill
                United States District Judge